IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO DECLET-LARRINAGA,<br>OR INDIVIDUALS X, Y AND Z,<br><br>Defendant. | CIVIL NO. 26-1131<br><br><br>CLAIMS PURSUANT TO THE<br>FALSE CLAIMS ACT,<br>31 U.S.C. §3729, ET SEQ. |

## COMPLAINT

The United States alleges as follows:

### I. NATURE OF THE ACTION

1. The United States brings this action under the False Claims Act, 31 U.S.C. §3729, et seq. ("FCA"), and common law to recover civil monetary penalties from the defendant's false claims presented to the United States Department of Health and Human Services, Medicare Programs in violation of federal law.

### II. JURISDICTION AND VENUE

2. Jurisdiction is proper pursuant to 28 U.S.C. §1345, and its general equitable jurisdiction.

3. Venue is proper in this District under 28 U.S.C. §1391 and 31 U.S.C. §3732(a) because a substantial part of the events giving rise to this action occurred in this District.

4. Pursuant to the provisions of 31 U.S.C. § 3731(b)(1), a civil action under the FCA may be brought within six years after the date on which the violations of §3729 were committed. All actions alleged in this complaint have been timely asserted within the aforementioned statute of limitations provisions.

### III. PARTIES

5. The Plaintiff is the United States of America, on behalf of the United States Department of Health and Human Services ("HHS).

6. Dr. Antonio Declet-Manzanet (Dr. Declet) is a physician with practice in family medicine, who is registered as a provider to federal health care programs under the National Provider Identifier (NPI) 1982649539. Dr. Declet is also the former President and majority shareholder of Corporación Adjunteña de la Salud CAS (CAS), a for-profit corporation, registered with the Department of State for the Government of Puerto Rico, under number 89657. CAS is a participating provider in federal health care programs under the NPI 1477655694, as a multi-specialty and general practice group, with a primary practice location at 7 Calle Rius Rivera, Adjuntas, Puerto Rico 00601-2337.

7. Dr. Declet is also the father of Ana Declet-Larrinaga, who, in conjunction with others assisted him in the everyday operation of his practice and CAS. Ana Declet-Larrinaga is being named as a non-party in this Complaint, as she performed administrative tasks for Dr. Declet, as well as assisted the practice group administrator and Secretary to the Board of Director for CAS, in discharging her duties.

8. Defendants X, Y and Z are natural or legal persons, acting on their own or organized as partnerships or corporate entities, be that as limited liability corporations, professional service corporations, or in any other form permitted by law, whom we designate with fictitious names, as their true names are not known at the present time. Defendants X, Y and Z are jointly and severally responsible and may answer to the Plaintiff for aiding, abetting and/or causing fraudulent claims to be submitted to the United States Government for payment, or furthering the fraudulent conduct by concealing the scheme, proceeds or assets resulting of fraud.

### IV. RELEVANT FEDERAL PROGRAMS

#### The Medicare Program

9. Except as otherwise specifically noted, the allegations set forth below describe the Medicare Program ("Medicare"), as managed by HHS through its executive component, the Center for Medicare and Medicaid Services ("CMS"), for the period of January 1, 2021 to December 31, 2023. Medicare is a federal program that provides medical insurance for covered services to any person 65 years or older, to certain people with disabilities, and to individuals with chronic disease who elect coverage under the program.

10. HHS administers Medicare, through CMS. Medicare is a federal health care benefit program set forth in Title XVIII of the Social Security Act, 42 U.S.C. §§1395, et seq., that provides medical insurance for covered services to qualified individuals.

11. Medicare consists of different parts. "Part A" of Medicare covers health services provided by hospitals, skilled nursing facilities, hospices facilities, and home health agencies. "Part B" of Medicare is a medical insurance program that covers, among other things, certain physician services, outpatient services, and other services, including face-to-face office visits. "Part C" of Medicare, commonly referred to as Medicare Advantage (MA), provides beneficiaries with all the services provided under Parts A and B (except hospice care), in addition to mandatory supplemental benefits and optional supplemental benefits. "Part D" is an optional benefit that offers prescription drug coverage to everyone with Medicare. Parts A, B and D are not at issue here.

### Medicare Billing Procedure Under Part C

12. Under Part C, beneficiaries enroll in a managed care plan administered by private health insurance companies or Medicare Advantage Plans (MA Plans), which are contracted by CMS.

13. The MA Plans, such as Triple-S Advantage, MMM and MCS, are licensed or otherwise authorized by the Government to assume risks for offering health insurance or health benefits coverage, while accepting prepaid capitation payments for providing, arranging, or paying for comprehensive health services to program beneficiaries under a Medicare Advantage contract.

14. MA Plan are responsible for receiving, adjudicating, and paying claims of authorized providers seeking reimbursement for the cost of health care benefits, items, or services provided to Medicare Part C beneficiaries.

15. Physicians who perform medical services in connection with the Medicare program apply for and, if approved, are assigned a "number". The number allow the physicians to submit bills, commonly referred to as "claims", for payment to Medicare, through MA Plans, to seek reimbursement for medical services that they had provided to Medicare Part C beneficiaries.

16. To receive payment from Medicare through the MA Plans, a physician is required to submit a health insurance claim form, known as Form HCFA-1500 ("HCFA 1500") wherein the physician certifies that the claims are true, correct, complete and that the form was prepared in compliance with the laws and regulations governing the Medicare program. Physicians further certify that the services billed were medically necessary and were, in fact, <u>provided as billed</u>.

17. Current Procedural Terminology (CPT) billing codes are numbers assigned to every task and service (procedure) a medical practitioner provides to a patient, including medical, surgical, and diagnostic services. CPT codes are used by health care benefit programs to determine, among other things, the amount of reimbursement that a provider will receive by a health care benefit program for a particular service. Only some CPT codes have a duration of time associated with them. For example, code 99213 is a face-to-face physician visit with a patient typically lasting 20-29 minutes. A face-to-face visit of more or less time would be billed using a separate code with corresponding durations of time.

18. Medicare Advantage plans, via primary care physicians, are required to conduct an initial Health Risk Assessment (HRA) within 90 days of enrollment and annually thereafter to monitor changes in health status. These annual health assessments, or HRAs are meant to capture the beneficiaries' entire health picture. In the Medicare Advantage (MA) context, the purpose of these

assessments is to fulfill mandates from the CMS for care coordination, quality improvement, and accurate risk adjustment.

19. For an HRA to be used for risk adjustment, it must be conducted by a qualified health professional, in-person, via telehealth, or through, in some cases, a structured, in-home visit, for which different CPT codes and modifiers are used to distinguish each of these.

## V. DEFENDANT'S SUBMISSION OF FALSE CLAIMS

20. Plaintiff incorporates and re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. The HHS-Office of the Inspector General (OIG) conducted an investigation of claims submitted by Defendant Dr. Antonio Declet-Manzanet to the Medicare Advantage program, for services and claims processed and paid for the period from January 1, 2021 to December 31, 2023.

22. From January 1, 2021, to December 31, 2023, Dr. Declet, with the assistance of others, knowingly executed a scheme to defraud and obtain, by means of false representations, money from the Medicare Advantage program, in connection with the delivery of and payment for benefits, items, and services.

23. From January 1, 2021 to December 31, 2023, Dr. Declet with the collaboration of Ana Declet-Larrinaga and others at CAS, documented in progress notes and submitted claims billing for services based on false representations that allegedly he had face-to-face encounters with patients to conduct annual health assessments, when in fact these were seen and served by individuals other than himself.

24. Dr. Declet's NPI number was used in claims falsely and fraudulently representing that he had personally conducted 743 annual health assessments or HRAs of patients assigned to him under his agreements with Medicare Advantage Organizations, stating that he had performed these at his primary place of service in CAS. For each of these alleged personal assessments Medicare Advantage Organizations paid a flat fee of $150.

25. As a result of this scheme, a substantial number of false and fraudulent claims were knowingly submitted or caused to be submitted for services to the Medicare Advantage program as false representations in violation of the False Claims Act. This resulted in inappropriate payments by several Medicare Advantage Organizations, under Part C of the Medicare program of approximately $111,450.00 to Dr. Declet, where he or others at his behest, falsely represented that the claimed services were rendered by him, when, in reality, they were not.

## VI. CLAIM FOR RELIEF

### False Claims Act 31 U.S.C. §3729(a)(1)

26. This is a claim for civil monetary penalties under the False Claims Act (FCA), 31 U.S.C. §3729(a)(1).

27. Paragraphs 1 through 25 of this Complaint are re-alleged and incorporated herein as though fully set forth herein.

28. By virtue of the acts described above, Defendant, Dr. Antonio Declet-Manzanet knowingly presented and caused to be presented to the United States false and fraudulent claims for payment and approval to the Medicare Program.

29. Under the FCA, a "claim" includes requests for money presented to the United States or to a contractor, grantee or other recipient, if the money is to be used on the government's behalf or to advance a government interest, as long as the United States provided any portion of the money requested.

30. Pursuant to the FCA, the defendant is liable for three times the single damages $111,450.00 to the United States, for a total FCA liability of $334,350.

31. In addition to treble damages, defendants are liable for civil monetary penalties, which range from $14,308 to $28,619 per violation. Each of these false statements constitute a unique claim of provider fraud on a managed care organization, for which a civil monetary penalty per unique claim must be imposed.

**PRAYER FOR RELIEF**

WHEREFORE, the United States respectfully requests that judgment be entered in its favor and against the Defendant for three times the single damages $111,450.00 to the United States, for a total FCA liability of $334,350, in addition to civil monetary penalties, which range from $14,308 to $28,619 per violation, and such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico, this 5th day of March 2026.

> W. Stephen Muldrow
> United States Attorney
>
> *s/Rafael J. López-Rivera*
> Rafael J. López-Rivera
> Assistant United States Attorney
> USDC-PR No. 221213
> UNITED STATES ATTORNEY'S OFFICE
> Torre Chardón, Suite 1201
> 350 Carlos Chardón Street
> San Juan, Puerto Rico 00918
> Phone Number: (787)766-5656
> Facsimile: (787)766-6219
> rafael.j.lopez@usdoj.gov